United States District Court
Southern District of Texas

**ENTERED**

August 16, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| JEREMY DANIEL ECKERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00128 |
| | § | |
| ARANSAS COUNTY | § | |
| | § | |
| Defendant. | § | |

**AMENDED[1] MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE FOR WANT OF PROSECUTION**

Jeremy Daniel Eckert ("Plaintiff"), a Texas state inmate now confined at the Sanders

Estes Unit in Venus, Texas, has filed this *pro se* civil rights complaint pursuant to 42 U.S.C. §

1983 along with an application to proceed *in forma pauperis*. (Doc. Nos. 1, 2.)  This case has

been referred to the undersigned.  The Court issued a Notice of Deficient Pleading on June 14,

2022, notifying Plaintiff that he must either submit the filing fee of $402.00 or submit a fully

completed motion to proceed *in forma pauperis* along with a certified copy of the trust fund

account statement (or institutional equivalent) for the six-month period immediately preceding

the filing of the complaint.  (Doc. No. 7.)  Plaintiff was warned that failure to comply with the

Notice of Deficient Pleading within 30 days may result in his case being dismissed for want of

prosecution.  *Id.*

Plaintiff failed to comply with, or respond to, the Notice of Deficient Pleading.  On July

22, 2022, the Court issued an order to Plaintiff to show cause within 20 days why his case should

not be dismissed for want of prosecution, and warned Plaintiff that failure to comply would

result in a dismissal of his case.  (Doc. No. 9.)  Additionally, the Court cautioned that a failure to

---

[1] This amended memorandum and recommendation only amends Doc. No. 11 to include a notice to parties.

comply with the order would result in a recommendation to the District Court to dismiss

Plaintiff's cause of action. *Id.* at 2. Plaintiff has not responded to the show cause order. On

August 8, 2022, the Court received a notice of change of address from Plaintiff, dated August 4,

2022, reflecting his current address at the Sanders Estes Unit. Plaintiff, however, has made no

apparent attempt to comply with either the Notice of Deficient Pleading (issued to him nearly

two months ago) or the show cause order (issued three weeks ago).

A district court may dismiss a case for failure to prosecute or comply with court orders.

Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The

district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a

defendant."). To date, Plaintiff has not satisfied the requirements to pursue his 42 U.S.C. § 1983

case. The Court has twice advised Plaintiff, both through a Notice of Deficient Pleading and

through an Order to Show Cause, that this action would be dismissed for want of prosecution if

he failed to comply with these court orders. (Doc. Nos. 7, 9.) Plaintiff has repeatedly failed to

follow court orders and submit the required information in support of his application to proceed

*in forma pauperis*. Plaintiff received warnings that this failure may result in the dismissal of this

action. For these reasons, the undersigned finds that the dismissal of this case is appropriate.

Accordingly, the undersigned recommends that Plaintiff's case be **DISMISSED**

**WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED on August 16, 2022.

MITCHEL NEUROCK
United States Magistrate Judge

## NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).