Case 2:22-cv-00128   Document 25   Filed on 02/06/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEREMY DANIEL ECKERT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00128 |
| | § | |
| ARANSAS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jeremy Daniel Eckert, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. He is currently confined at the Texas Department of Criminal Justice-Correctional Institutions Division's Sanders Estes Unit in Venus, Texas. The undersigned recommends that Plaintiff's action be dismissed without prejudice for failure to prosecute.

Plaintiff has failed on multiple occasions to comply with Court orders issued in this case. In a Notice of Deficient Pleading issued on June 14, 2022, Plaintiff was notified that he must, within 30 days, either pay the filing fee or submit a completed application to proceed *in forma pauperis* along with a certified copy of his inmate trust fund account statement. (Doc. No. 7.) This notice contained a warning that failure to comply in a timely manner may result in Plaintiff's case being dismissed for want of prosecution. *Id.* Plaintiff responded by filing an application to proceed *in forma pauperis* (Doc. No. 2), but he did not submit the required inmate trust fund account statement.

On July 22, 2022, the Court ordered Plaintiff to show within 20 days why his lawsuit should not be dismissed for want of prosecution and warned Plaintiff that his failure to comply

1 / 4

would result in a dismissal of this case under Federal Rule of Civil Procedure 41(b). (Doc. No. 9.) Additionally, the Court cautioned that a failure to comply would result in a recommendation to the district court to dismiss Plaintiff's cause of action. *Id.* at 2. When Plaintiff failed to comply with the July 22 show cause order, the Court issued a memorandum and recommendation on August 12, 2022, recommending that Plaintiff's lawsuit be dismissed without prejudice pursuant to Rule 41(b). (Doc. No. 11.) Four days later, the Court issued an amended memorandum and recommendation, solely to include a notice to the parties. (Doc. No. 12).

On August 17, 2022, the day after issuing the amended memorandum and recommendation, the Court finally received from Plaintiff a completed application to proceed *in forma pauperis* along with a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of Plaintiff's complaint. *See* Doc. Nos. 13, 14. The Court, therefore, vacated its memorandum and recommendation and amended memorandum and recommendation. (Doc. No. 15.)

After granting Plaintiff's application to proceed *in forma pauperis* (Doc. No. 16), the Court ordered Plaintiff to submit an amended complaint on or before October 31, 2022. (Doc. No. 19.) Plaintiff was subsequently granted an extension of time, until November 30, 2022, to file his amended complaint. (Doc. No. 21.) Plaintiff submitted the amended complaint. (Doc. No. 22).

To allow the Court to properly evaluate the merits of his allegations, on December 8, 2022, the Court ordered Plaintiff to submit a more definite statement of the facts involved in this action by filing a written response to questions posed by the Court. Plaintiff's deadline to respond to the Court's questions was January 6, 2023. (Doc. No. 23.) Plaintiff was advised that

his amended complaint was deficient and that his failure to comply with the December 8, 2022 order would result in dismissal of his lawsuit under Rule 41(b). *Id.* at 8.

Plaintiff failed to comply with the December 8, 2022 order: he did not respond to the Court's order or answer the Court's questions. On January 13, 2023, the Court ordered Plaintiff to show cause within 15 days why his lawsuit should not be dismissed for want of prosecution. The Court again warned Plaintiff that his failure to comply would result in a dismissal of his case under Rule 41(b). (Doc. No. 24.) Additionally, the Court cautioned that a failure to comply would result in a recommendation to the District Court to dismiss Plaintiff's cause of action. *Id.* at 2. Plaintiff has not responded to the January 13 show cause order.

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). The Court previously recommended dismissal of this case based on Plaintiff's failure to follow court orders and submit the required information in support of his application to proceed *in forma pauperis*. After accepting Plaintiff's late submissions of his account information, the Court vacated that recommendation , *see* Doc. No. 15, but Plaintiff has now failed to comply with other orders since that time. Despite being warned of his continued obligation to comply with Court orders or face dismissal of his case, Plaintiff has not complied with either the Court's December 8, 2022 order to answer the Court's questions or its January 13, 2022 show-cause order. Because of Plaintiff's repeated failure to follow Court orders, the undersigned finds that the dismissal of this case is appropriate.

Accordingly, the undersigned recommends that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

## **NOTICE**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on February 6, 2023.

_____
MITCHEL NEUROCK
United States Magistrate Judge